**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**MELVIN LEE SINGLETARY**                                                    **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 1:12-cv-294-HSO-RHW**

**KAREN LADNER RUHR**                                                        **DEFENDANT**

### ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the Court on Plaintiff Melvin Lee Singletary's Objections [23] to Magistrate Judge Robert H. Walker's Proposed Findings of Fact and Recommendations [19]. After thoroughly reviewing the Proposed Findings of Fact and Recommendations, in addition to the position advanced by Plaintiff in his Objections, the Court finds that Plaintiff's Objections should be overruled, and that the Proposed Findings of Fact and Recommendations should be adopted as the finding of the Court.

### I. BACKGROUND

On September 27, 2012, Plaintiff Melvin Lee Singletary, proceeding *pro se*, filed a Complaint [1] pursuant to 42 U.S.C. § 1983 against Defendant Karen Ladner Ruhr. Ruhr is the Circuit Clerk of Hancock County, Mississippi. Def.'s Answer [15] at p. 2. Plaintiff's Complaint states: "Karen Ladner Ruhr, Circuit Clerk refuse to file Documents on my behalf, which violate my constitutions Rights." Pl.'s Compl. [1] at p. 4. On October 10, 2012, Magistrate Judge Walker ordered Plaintiff to file a

written response indicating specifically "what documents Plaintiff claims the Defendant has not filed," "the date the Defendant allegedly refused to file the documents," "if the Plaintiff has a criminal case pending in the Hancock County Circuit Court," and "what injury, if any, Plaintiff has suffered by the Defendant's alleged actions." Order [8] at p. 1.

On November 16, 2012, Plaintiff responded to Judge Walker's Order, stating that he did have a criminal case pending in Hancock County Circuit Court and contending that, in August and September 2012, Ruhr did not allow him to file "Motion for fast and speedy trial, Bond reduction, writ of habeas corpus, motion for a preliminary hearing, motion for a initial appearance, order to show cause, [and] subpoena for witness[.]" Pl.'s Resp. [12] at p. 1. Plaintiff alleged that he had "suffered by Defendants alleged actions. Due process violations, The Eighth Amendment forbids cruel and unusual punishment. To Forbid me a preliminary are a initial appearance. I have a fundamental constitutional right to use the court system First Amendment the right to petition the government for redress." *Id*. at p. 2.

On January 7, 2013, Judge Walker ordered Plaintiff to appear for an omnibus screening hearing to be held on January 16, 2013,

> 1) to determine if dismissal is appropriate under 28 U.S.C. § 1915A(b) or other applicable law; 2) to define the issues to be litigatetd; 3) to ascertain the potential witnesses or exhibits; 4) to provide appropriate assistance to the *pro se* litigant in obtaining evidence for trial; and 5) to evaluate the case as appropriate.

Order [16].

On January 8, 2013, the omnibus hearing was reset for January 23, 2013, and a copy of the Notice resetting the hearing was mailed by the Court's Deputy Clerk Sandra Ryan to Plaintiff at his address of record in Coward, South Carolina. Order [17]. One day prior to the hearing at approximately 9:30 a.m., a person, presumably Plaintiff, contacted Judge Walker's chambers by telephone and informed Deputy Clerk Ryan that he had mailed a letter requesting a continuance of the omnibus hearing. Report [19] at p. 1. "At Judge Walker's instruction, Ms. Ryan advised the caller that the Court does not address continuance requests via telephone, and Mr. Singletary was expected to be present for the January 23, 2013, hearing." *Id.* An hour later, this person again contacted Judge Walker's chambers by telephone and "requested to fax or email a letter to Judge Walker requesting a continuance. He was advised that letters requesting a continuance are not accepted through Judge Walker's Chambers, and that he was expected to be present for the hearing on January 23, 2013." *Id.* at pp. 1-2.

Plaintiff failed to appear at the omnibus hearing held on January 23, 2012. *Id.* at p. 1. On the same day as the hearing, Judge Walker issued his Proposed Findings and Fact and Recommendations [19] recommending dismissal of Plaintiff's Complaint for his failure to appear. *Id.* at p. 2. On January 25, 2013, the Clerk of Court received and filed a document from Plaintiff requesting a continuance. Request [20]. On February 4, 2013, Plaintiff filed Objections to Judge Walker's Proposed Findings of Fact and Recommendations. Objections [23]. In his Objections, Plaintiff maintains that he is entitled to discovery, a jury trial and has

"a fundamental constitutional right to use the court system . . . ." *Id.* at pp. 1-2. He offers no explanation as to why he failed to appear at the omnibus hearing.

## II.  DISCUSSION

A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), if written objections are timely filed to a magistrate judge's proposed findings and recommendations, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).  In so doing, the Court is not required to reiterate the findings and conclusions of the magistrate judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive, or general in nature, *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997).

B.  Plaintiff's Case Should Be Dismissed for Failure to Prosecute and Comply with a Court Order

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Court also has the inherent authority to dismiss an action *sua sponte* for lack of prosecution.  *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630-31. Such a sanction is

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Id.* at 629-30.

The Court has conducted an independent, *de novo* examination of the record in this case and finds that Plaintiff's Objections [23] are not well taken and should be overruled.  The Proposed Finding of Fact and Recommendations [19] of Judge Walker should be adopted as the opinion of the Court, and this case should be dismissed for Plaintiff's failure to prosecute and to comply with a Court Order.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objections [23] filed in this cause are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Proposed Findings of Fact and Recommendations [19] of Magistrate Judge Robert H. Walker entered on January 23, 2013, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 1st day of October, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE